UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARBARA DONIVER<br>9709 Cardwell Ave.<br>Cleveland, OH 44105,<br><br>on behalf of herself and all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>CITY OF CLEVELAND<br>c/o Barbara A. Langhenry, Director of Law<br>601 Lakeside Ave., Room 106<br>Cleveland, Ohio 44114<br><br>　　　Defendant. | CASE NO.<br><br>JUDGE:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Barbara Doniver, by and through undersigned counsel, and for her Complaint against Defendant City of Cleveland ("Defendant"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly situated employees, wages for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03, Article II, § 34A of the Ohio Constitution.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is a municipal corporation located in this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all material times, Plaintiff was a resident of Cleveland, Ohio.

6. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. 4111.03(D)(3).

7. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

8. At all material times, Defendant was a municipal corporation and a public agency in Cuyahoga County, Ohio.

9. At all material times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

10. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(s)(1)(C).

11. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

12. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Plaintiff has been employed by Defendant since approximately December 2001.

14. Plaintiff is employed in Defendant's Water Department.

15. Plaintiff and other similarly situated employees were employed by Defendant as hourly, non-exempt employees.

### (Failure to Pay Overtime Compensation)

16. Plaintiff and other similarly situated employees regularly worked over 40 hours per week.

17. In 2021, Kronos, the timekeeping software Defendant uses to track its employees' hours, was hacked with ransomware, and since then, Defendant has not kept track of the hours that Plaintiff and other similarly situated employees actually worked/work.

18. Instead, Defendant has chosen to estimate the number of hours that Plaintiff and similarly situated employees work, *i.e.*, by issuing paychecks based on their scheduled hours, or by duplicating paychecks from previous pay periods.

19. As a result of Defendant's improper practices, Plaintiff and other similarly situated employees were not fully compensated for all the time they actually worked, including all of the overtime hours they worked over 40 in a workweek.

### (Willful Violation of the FLSA)

20. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

21. Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

23. The class that Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All former and current hourly, non-exempt employees of the City of Cleveland who were employed at any time since the outset of the Kronos ransomware attack in 2021.

24. Plaintiff is currently unable to state the exact size of the potential class, but upon information and belief, avers that it consists of at least one hundred persons.

25. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

26. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated with respect to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on their behalf and her own in bringing this action.

27. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this

4

action and allowed to opt in, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings Count II of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current hourly, non-exempt employees of the City of Cleveland who were employed at any time since the outset of the Kronos ransomware attack in 2021.

29. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

(a) whether Defendant failed to pay its hourly, non-exempt employees for hours worked in excess of 40 each workweek; and

(b) what amount of monetary relief will compensate Plaintiff and other members of the Class for Defendant's violation of R.C. § 4111.03 and 4111.10 and Article II, § 34A of the Ohio Constitution.

30. The claims of the named Plaintiff is typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Ohio Class members.

31. The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

32. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (Violations of FLSA)

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

36. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 C.F.R. § 785.24.

37. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

38. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the FLSA.

39. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

### (Violations of OMFWSA)

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

42. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the FLSA violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

43. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.0 and Article II, § 34A of the Ohio Constitution.

44. By failing to pay Plaintiff and other similarly situated employees' overtime compensation, Defendant willfully, knowingly, and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

45. As a result of Defendant's practices and policies, Plaintiff and other similarly

situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

46. WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Issue an order certifying the Ohio Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

D. Award Plaintiff and the classes she represents actual damages for unpaid wages;

E. Award Plaintiff and the Ohio Class compensatory damages;

F. Award Plaintiff and the classes she represents statutory liquidated damages;

G. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

H. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

I. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Matthew S. Grimsley*
Matthew S. Grimsley (Ohio 0092942)
Anthony J. Lazzaro (Ohio 0077962)
Lori M. Griffin (Ohio 0085241)
Alanna Klein Fischer (Ohio 0090986)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Telephone: 216-696-5000
Facsimile: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
alanna@lazzarolawfirm.com

and

Don J. Foty
(will apply for admission pro hac vice)
Hodges & Foty, LLP
dfoty@hftrialfirm.com
Texas Bar No. 24050022
4409 Montrose Blvd, Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ *Matthew S. Grimsley*
Matthew S. Grimsley (Ohio 0092942)

One of Plaintiff's Attorneys